UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KENATH RICHARD STEIN,   CIVIL NO. 10-203 (PJS/JSM)

    Plaintiff,

v.   <u>REPORT AND
RECOMMENDATION</u>

CHASE BANK USA, N.A.,
DEUTSCHE BANK NATIONAL
TRUST COMPANY, and
CHASE HOME FINANCE, LLC,

    Defendants.

JANIE S. MAYERON, U.S. Magistrate Judge

    The above matter came before the undersigned upon plaintiff's Motion to Strike Joint Notice of Removal to Federal Court [Docket No. 7].

    Plaintiff appeared pro se. Aleava Rael Sayre, Esq. and Calvin P. Hoffman, Esq. appeared on behalf of all defendants. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

    Based upon the pleadings, it is recommended that plaintiff's Motion to Strike Joint Notice of Removal to Federal Court [Docket No. 7] be DENIED.

**I.   FACTUAL BACKGROUND**

    Plaintiff's Complaint was initially filed in Hennepin County District Court in the State of Minnesota on December 23, 2009. The Complaint alleges that Chase Bank, USA, N.A. was the original holder of a promissory note for $164,800 securing a mortgage on real property owned by plaintiff in Minneapolis, Minnesota. Complaint,

¶3A. According to plaintiff, Deutsche Bank National Trust Co. subsequently purchased the original note for $44,676. Id., ¶ 9B. After foreclosure proceedings commenced, plaintiff requested defendants to identify the true holder of the original note and to produce the original note. Id., ¶ 7. Plaintiff alleges that the failure of defendants to produce the original note amounts to breach of contract, violates Minn. Stat. § 336.3-302 of the Minnesota Uniform Commercial Code, and constitutes theft proscribed by the Minnesota Civil Theft Act as codified in Minn. Stat. § 604.14, et seq. Id., ¶¶ 24-29. Plaintiff also asserted in his Complaint that "[j]urisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and grants relief pursuant to the Minnesota Uniform Commercial Code (UCC) Statute." Complaint, p. 7.

On January 22, 2010, defendants filed a Notice of Removal of Civil Action Under 28 U.S.C. §§1332, 1441(b) and 1446, alleging that this Court properly has jurisdiction based on diversity of the parties. In the Notice of Removal, defendants claimed that they were not properly served with the Summons and Complaint.

In response to the removal, plaintiff filed a Motion to Strike Joint Notice of Removal to Federal Court,[1] arguing that the matter concerns real property situated in the State of Minnesota, and defendants were attempting to avoid Minnesota jurisdiction because of the potential enforcement of Minnesota UCC and Minnesota laws. Furthermore, plaintiff argued that federal courts cannot rule on state law and are not capable of interpreting Minnesota state law. Plaintiff repeated in his Motion to Strike that "[j]urisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and grants

---

[1] In light of plaintiff's pro se status, the Court will liberally construe the motion to strike as a motion to remand the case back to state court.

2

relief pursuant to the Minnesota Uniform Commercial Code (UCC) Statute." Pl. Mot., p. 3.[2]

In opposition, defendants continued to maintain that this Court has jurisdiction based on diversity of the parties.

## II. DISCUSSION

Diversity jurisdiction is governed by 28 U.S.C. §1332(a), which states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

### A. Diversity of the Parties

Plaintiff is a resident of the State of Minnesota. Complaint, ¶ 1. Defendant Chase Bank, USA, NA has designated its main office in Newark, Delaware. Affidavit of Calvin P. Hoffman ("Hoffman Aff."), ¶ 7 [Docket No. 11]. Defendant Deutsche Bank National Trust Co. is a Delaware corporation with its principal place of business in California. Id., ¶ 8. Defendant Chase Home Finance, Inc. is incorporated in Delaware, with its principal place of business in Iselin, New Jersey. Id., ¶ 9. Therefore, the diversity of citizenship requirement existed when the Complaint was filed.

### B. Amount in Controversy

Plaintiff is claiming that each of the three defendants individually caused damages in excess of $10,000 for violating Minn. Stat. § 336.3-302, each of the three defendants collectively caused damages in excess of $30,000 for violating the same

---

[2] Additionally, at the hearing on the motion on March 18, 2010, plaintiff stated that he was making claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, although he did not plead these claims in his Complaint.

3

statute as co-conspirators, each of the three defendants individually caused damages in excess of $10,000 for breach of contract, and each of the three defendants collectively caused damages in excess of $25,000 for breach of contract. Complaint, ¶¶ 24-27. Plaintiff is also seeking double damages and actual damages because defendants' actions allegedly constituted civil theft and fraud, along with the restoration of the forfeited real property free and clear of all liens and judgment on the property. Complaint, ¶¶ 28-29, and WHEREFORE ¶ 25. Furthermore, at the hearing on the motion, plaintiff admitted that the amount of damages he was seeking exceeded $75,000.

The amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a) is met "'when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.'" Capitol Indem. Corp. v. 1405 Associates, Inc., 340 F.3d 547, 549 (8th Cir. 2003) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir.2002). Here, based on the claims for relief sought by plaintiff, it is clear that plaintiff is requesting in excess of $75,000 in monetary damages. Accordingly, the Court finds that an amount exceeding the sum or value of $75,000 is in controversy.

Having concluded that plaintiff and the defendants are citizens of different States and the amount in controversy exceeds $75,000 in monetary damages, this Court finds that there is diversity jurisdiction over the case, and recommends that plaintiff's motion to strike the removal of this action be denied.[3]

---

3     In the event that plaintiff were to seek to amend his Complaint to assert relief under TILA and RESPA, which are federal statutes, this Court would also have federal question jurisdiction over these claims pursuant 28 U.S.C. §1331, which states that "the

## III. RECOMMENDATION

For the reasons set forth above, it is recommended that:

Plaintiff's Motion to Strike Joint Notice of Removal to Federal Court [Docket No. 7] be DENIED.

Dated: April 15, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 29, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."