UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KENATH RICHARD STEIN, CIVIL NO. 10-203 (PJS/JSM)

Plaintiff,

v. **REPORT AND RECOMMEDNATION**

CHASE BANK USA, N.A.,
DEUTSCHE BANK NATIONAL
TRUST COMPANY, and
CHASE HOME FINANCE, LLC,

Defendants.

The above matter came on before the undersigned upon defendants' Motion for Summary Judgment [Docket No. 26]. Plaintiff appeared pro se. Aleava Rael Sayre, Esq. appeared on behalf of defendants.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2006, plaintiff Kenath Stein ("Stein") refinanced a loan pertaining to investment property located in Minneapolis, Minnesota. See Affidavit of Thomas E. Reardon in Support of Defendants' Motion for Summary Judgment ("Reardon Aff.") [Docket No. 29], Ex. F. As a part of this refinancing, Stein obtained a mortgage (loan number 1890370966) dated October 18, 2006 (the "Mortgage") with defendant Chase Bank USA, N.A. ("Chase Bank"), in the amount of $164,800.00. Id., Ex. A; see also Affidavit of Kenath Richard Stein in Support of Memorandum of Law in Opposition to Summary Judgment Motion ("Stein Aff.") [Docket No. 33], Ex. 1. On October 30, 2006, the Mortgage was recorded with the Hennepin County Recorder's Office as Document No.

8885299. Id. The mortgage at issue secured payment of the October 18, 2006 promissory note (the "Note"). See Reardon Aff., Ex. B. Defendants claim that the Note was received by Chase Bank "for value, in good faith, and without notice that it was overdue, unauthorized, or subject to a claim." Id., ¶ 6. Both the Mortgage and the Note contain Stein's signature. Id., Exs. A, B. Stein also signed a Name Affidavit before a notary public and the closing agent supplied an affidavit regarding proof of identity verifying Stein's identity. Id., Exs. G, H.

The Mortgage provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Reardon Aff., Ex. A, ¶ 20. In addition, the Note provided "the Lender may transfer this Note" and that "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under the Note is called the 'Note Holder.'" Id., Ex. B, ¶ 1. The Mortgage and the Note required Stein to make monthly payments on the loan until it was paid in full, and provided that failure to do so would constitute default. Id., ¶ 8, Ex. A, ¶ 1; Ex. B, ¶¶ 3, 7.

On July 2, 2008, Chase assigned its rights and interest in the Mortgage and Note to Deutsche Bank National Trust Company ("Deutsche Bank"), as the trustee for J.P. Morgan Chase Bank, NA. Reardon Aff., Ex. C. On April 16, 2009, the assignment of the Mortgage was recorded with the Hennepin County Recorder's Office as Document No. A9345957. Id.

In March 2008, Stein defaulted under the terms of the Mortgage and Note. See Reardon Aff., ¶ 9, Ex. D. On April 2, 2008, a delinquency letter was ordered for Stein's

account and sent to Stein.[1] Id., ¶ 10, Ex. E. When Stein failed to cure the default, Deutsche Bank foreclosed on the Mortgage. Id., ¶ 11; Affidavit of Aleava R. Sayre in Support of Defendants' Motion for Summary Judgment ("Sayre Aff.") [Docket No. 28], ¶¶ 8-9, Exs. B, C. The sheriff's sale of the home was held on June 24, 2009, and Deutsche Bank had the highest bid in the amount of $44,676. See Sayre Aff., Ex. C. The six-month redemption period expired without Stein redeeming the property from the foreclosure by delivering the sum of $44,676.00 plus interest to defendants. See Reardon Aff., ¶ 12.

Stein filed a Complaint, dated December 16, 2009, in Hennepin County District Court against defendants. See Docket No. 1-2. Stein's Complaint asserted a cause of action for a violation of Uniform Commercial Code ("UCC") rules and laws concerning Minn. Stat. § 336.3-302 "Holder in due course," due to defendants' alleged failure to identify who is the true holder of the Note and their failure to produce or prove the existence of the original Note, signed by him in blue ink (Complaint, ¶¶ 6-8, 19-21, 24-25); a breach a contract claim related to defendants' alleged breach of their contractual promise to produce the original Note (Complaint, ¶¶ 27-28); a claim of theft under Minn. Stat. § 604.14 et seq. (Complaint, ¶ 28); and a claim of fraud pursuant the Minnesota Civil Theft Act—Minn. Stat. 604.14 et seq. (Complaint, ¶ 29).

On or about December 23, 2009, Stein mailed defendants a copy of the Summons and Complaint. See Sayre Aff., ¶ 3. Defendants never completed or returned any notice and acknowledgement of service forms to Stein nor has he personally served defendants. Id., ¶ 4. On January 22, 2010, defendants removed the

---

[1] Because this notice was automatically generated, it was never retained as a business record. Reardon Aff., ¶ 10.

present case to this Court based on diversity jurisdiction. See Docket No. 1. On August 17, 2010, Stein represetned that he served the Summons and Complaint on defendants by mailing it through certified mail, and on Chase Bank and Chase Home Finance, LLC via CT Systems. See Docket No. 42 (Certificate of Service filed by Stein).

On May 24, 2010, counsel for defendants met with Stein for a Rule 26(f) conference, and at that meeting offered Stein the opportunity to inspect the original Note and Mortgage. See Sayre Aff., ¶ 10. Stein refused to inspect the Note and Mortgage. Id.

On June 18, 2010, this Court issued the Pretrial Scheduling Order governing this case. See Docket No. 24. Pursuant to this Order, the deadline for amendment of the pleadings was set for July 7, 2010, and the deadline for fact discovery was set for November 1, 2010. Id.

The present matter is before the Court on defendants' motion for summary judgment.[2] On August 4, 2010, Stein served and filed an opposition to defendants' motion and a request under Rule 56(f) of the Federal Rules for Civil Procedure for a continuance or dismissal of defendants' motion with prejudice so that he can complete fact discovery. In his opposition brief to defendants' motion for summary judgment, Stein requested that summary judgment be entered against defendants. See Plaintiff's Responsive Memorandum of Law in Opposition to defendant's Summary Judgment Motion ("Pl.'s Opp.") [Docket No. 32], at pp. 1, 4-5. Stein also requested that if this Court determined that his Complaint did not state a claim, that he be allowed to time to amend the Complaint to "perfect a claim." Id. at p. 4; Affidavit of Kenath Richard Stein

---

[2] Defendants served and filed the Notice of Motion of Hearing for this motion on June 21, 2010, and their full submission in support of the motion on July 21, 2010. See Docket Nos. 25-29,

as Plaintiff's Opposition under Rule 56(f) Continuance of Defendant's Summary Judgment Motion ("Stein Aff.") [Docket No. 30] at p. 2.

On August 5, 2010, Stein served written discovery on defendants. See Affidavit of Calvin P. Hoffman ("Hoffman Aff."), ¶¶ 3-4. Pursuant to Rule 33 and 34 governing interrogatories and document requests, responses to this discovery were due 30 days later, on September 6, 2010.

## II. STANDARD OF REVIEW

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219 (8th Cir. 1999). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" DePugh v. Smith, 880 F. Supp. 651, 656 (N. D. Iowa 1995) (quoting Anderson, 477 U.S. at 248).

The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed. Celotex Corp., 477 U.S. at 322-23; see also Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson, 477 U.S. at 256; Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995). "The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a

genuine issue for trial." Minnesota Laborers Health & Welfare Fund v. Swenke, 2003 U.S. Dist. LEXIS 11439, *4-5 (D. Minn. 2003) (citations omitted); see also Fed. R. Civ. P. 56(c). The non-moving party "must substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy." Wilson v. Int'l Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995).

When deciding a motion for summary judgment, a court can only consider admissible evidence. See Henthorn v. Capitol Commc'ns, Inc., 359 F.3d 1021, 1026 (8th Cir. 2004); see also Stuart v. Gen'l Motors Corp., 217 F.3d 621, 636 n. 20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition. . . .").

## III. ANALYSIS

### A. Chase and Deutsche Bank Are Holders in Due Course

As stated previously, Stein alleged in his Complaint that defendants violated UCC rules and laws concerning Minn. Stat. § 336.3-302 "Holder in Due Course" due to their failure to identify who is the true holder of the Note and their failure to produce or prove the existence of the original Note, signed by him in blue ink. See Complaint, ¶¶ 6-8, 19-21 24-25. Defendants asserted that Chase, as the original holder in due course, transferred the Note and Mortgage making Deutsche Bank a holder in due course of the Note. See Defendants' Memorandum in Support of its Motion for Summary Judgment ("Defs.' Mem.") [Docket No. 27] at pp. 9-13. In his opposition, Stein reiterated his argument that in order to foreclose, possession of the original Note by the holder in due course, is required. See Pl.'s Opp. Mem. at p. 4.

Pursuant to Minnesota Statute section 336.3-302(a):

> "holder in due course" means the holder of an instrument if:
>
> (1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
>
> (2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 336.3-306, and (vi) without notice that any party has a defense or claim in recoupment described in section 336.3-305(a).

Minn. Stat. § 336.3-302 (a)(1)-(2).

Under Minn. Stat. § 336.3-302 a "bank gives value when money is actually paid." Menard, Inc. v. King De Son, Co., Ltd., 467 N.W.2d 34, 37 (Minn. Ct. App. 1991) (citing Trail Leasing, Inc. v. Drovers First American Bank, 447 N.W.2d 190, 191-92 (Minn. 1989)). In addition, "good faith" refers to the honest belief, with regards to the transaction concerned, that the holder's conduct was rightful. See Unbank Co. v. Dolphin Temporary Help Services, Inc., 485 N.W.2d 332, 333 (Minn. Ct. App. 1992) (citing Wohlrabe v. Pownell, 307 N.W.2d 478, 483 (Minn. 1981)).

The undisputed evidence establishes that Chase, as the original holder of the Note, was a holder in due course of the Note and thus, when it assigned the Note to Deutsche Bank, Deutsche Bank became the holder in due course. First, there is no dispute that Stein received $164,800.00 from Chase in exchange for the Note. See Reardon Aff., Ex. B. On this basis, the Court the finds that Chase took the note for value. Second, Chase stated that it received the Note in good faith (Reardon Aff., ¶ 6),

and Stein presented no evidence to the contrary. Indeed, the evidence supports a finding that Chase received the Note in order to secure the repayment of the loan to Stein. As such, the Court concludes that the undisputed evidence shows that Chase took the Note in good faith. Third, the undisputed evidence is that the Note was received by Chase without notice that it was overdue, unauthorized, or subject to a claim. Id.

Fourth, no facts were presented to suggest that the Note has been altered or that Stein's signature was a forgery, much less that Chase or Deutsche Bank had knowledge that Stein's signature on the Note was a forgery. The presumption is that the signature is authentic and no facts were presented to challenge that presumption. See Minn. Stat § 336.3-308(a). In fact, Stein admitted in his Complaint that he signed the Note. See Complaint, ¶ 3A. To the extent that Stein is claiming that his purported signature on the Note is a forgery, the facts (as opposed to argument) support a finding to the contrary, including a Name Affidavit signed by Stein before a notary public and an affidavit regarding proof of identity from the closing agent verifying Stein's identity, which also included Stein's driver's license number. See Reardon Aff., Exs. G, H. Based on this evidence, this Court has no basis for finding that Stein's signature was a forgery or that Chase had knowledge of any forgery.

Fifth, as assignee of the Note, the evidence establishes that Deutsche Bank was a holder in due course of the Note. The Note provides that "the Lender may transfer this Note" and that "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under the Note is called the 'Note Holder.'" Reardon Aff., Ex. B, ¶ 1. Minnesota Statute Section 336.3-203 provides:

> (a) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.
>
> (b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

Minn. Stat. § 336.3-203 (a)-(b) (emphasis added).

On July 2, 2008, Chase assigned its rights and interest in the Mortgage and Note to Deutsche Bank. Reardon Aff., Ex. C. The assignment was recorded with the Hennepin County Recorder's Office. Id. No evidence was presented by Stein that Deutsche Bank engaged in fraud or illegality affecting the Note or any other evidence that the assignment was invalid. The assignment of the Note by Chase, as the original holder in due course, to Deutsche Bank, transferred to Deutsche Bank all rights Chase possessed as a holder in due course pursuant to § 336.3-203. See State ex rel. Southwell v. Chamberland, 361 N.W.2d 814, 818 (Minn. 1985) ("A valid assignment generally operates to vest in the assignee the same right, title, or interest that the assignor had in the thing assigned.").

Stein's argument that Deutsche Bank cannot be a holder in due course because it does not have possession of or would not produce the original Note, has no merit. As a preliminary matter, defendants presented an affidavit attesting that their counsel presented the original Note to Stein for his inspection, but he declined to examine the document. See Sayre Aff., ¶ 10. Stein did not produce evidence specifically rebutting this sworn testimony. Given that the original Note was made available for Stein's inspection and he refused to inspect the document, he cannot argue that Deutsche

Bank is not the holder in due course because it does not have possession of the original Note. See Molde v. CitiMortgage, Inc., 781 N.W.2d 36, 44 (Minn. Ct. App. 2010).

More importantly, even if defendants did not possess the original note, Stein's argument fails because there is no requirement that Deutsche Bank, as a holder in due course, must possess the original Note in order to foreclose the mortgage securing the note. See Hintz v. JP Morgan Chase Bank, NO. CIV. 10-119 (DWF/AJB), 2010 WL 4220486 at *2 (D. Minn. Oct. 20, 2010) ("The foreclosure statutes do not require production of the original note at any point during a foreclosure proceeding.") (citation omitted); Stein v. Chase Home Finance, LLC, NO. CIV. 09-1995 (MJD/JJG), 2010 WL 4736828 at *3, 5 (D. Minn. Aug. 13, 2010) (citations omitted) (after recognizing that courts around the country have rejected the argument that only a holder of the original note can pursue foreclosure, court found there is no requirement that the original note or mortgage be produced at the foreclosure sale), adopted by Chief Judge Michael J. Davis on January 7, 2011 [Docket No. 230 Civ. No. 09-1995 (MJD/JJG)].

In sum, having failed to presented material facts to support his Minn. Stat. § 336.3-302 "Holder in Due Course" claim, defendants are entitled to summary judgment on this claim.

**B. Validity of Foreclosure**

Stein has challenged the validity of the foreclosure and the sheriff's sale, on the basis that defendants did not provide him with the original Note, and that he did not receive proper notice of the default. See Complaint, ¶¶ 14-18; see also Pl.'s Opp. Mem. at p. 3. Defendants argued that a non-judicial foreclosure does not require the presentation on the original Note; the Sheriff's certificate of sale is prima facie evidence that the foreclosure sale was valid; and that Stein's challenge to the foreclosure

process, after the redemption period had expired, is an impermissible collateral attack that must be dismissed. See Defs.' Mem. at pp. 15-20.

Defendants are correct in asserting that a sheriff's certificate of sale is prima facie evidence that the foreclosure sale was valid. See Minn. Stat. § 580.19 ("Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with. . . ."). Defendants have entered into evidence the Sheriff's Certificate of Sale for the property at issue in this case, which has been filed with the Hennepin County Office of the County Recorder. See Sayre Aff., Ex. C. In addition, there is no requirement under the foreclosure statutes that only the holder of the original "wet-ink" signature has the power to initiate a non-judicial foreclosure, just as there is no requirement that the original note be produced at any time during the proceedings, including during the redemption period. See Section III.A. supra (citing Hintz 2010 WL 4220486 at *2; Stein, 2010 WL 4736828 at *3, 5).

In any event, any challenge made by Stein to the foreclosure process after the redemption process expired is an impermissible collateral attack. After a foreclosure, a mortgagor may redeem the foreclosed property within six months of the sale by "paying the sum of money for which the same were sold, with interest from the time of sale at the rate provided to be paid on the mortgage debt as stated in the certificate of sale...." Minn. Stat. § 580.23, subd. 1(a).[3] "Delivery of funds and documents for redemption must be made at the normal place of business of the recipient, on days other than Sunday, Saturday, and legal holidays, between the hours of 9:00 a.m. and 4:00 p.m." Id., subd. 1(b). If a mortgagor brings an action to set aside an execution sale of land or

[3] Stein does not qualify for any of the exceptions to the six-month redemption rule set forth under Minn. Stat. § 580.23, subd. 2.

to set aside a mortgage prior to the expiration of the redemption period, the time of redemption can be extended until after the final determination of such an action. See Minn. Stat. §§ 550.29; 580.28.

In this case, the sheriff's sale of the property was held on June 24, 2009. See Sayre Aff., Ex. C. Stein filed the present action on or about December 16, 2009 in Hennepin County District Court. Under Minnesota law, an action is not commenced until the summons and complaint is served upon the defendant. See Minn. R. Civ. P. 3.01. Defendants represented that on or about December 23, 2009, Stein mailed to them a copy of the Summons and Complaint, but that they never completed or returned any notice and acknowledgement of service forms to Stein nor had he personally served defendants. See Sayre Aff., ¶¶ 3-5.

Pursuant to Minnesota law, "a plaintiff may effectively serve a summons and complaint by two methods: personally under Minn. R. Civ. P. 4.03 or acknowledgment by mail under Minn. R. Civ. P. 4.05." Turek v. ASP of Moorhead, Inc., 618 N.W.2d 609, 611 (Minn. Ct. App. 2000), rev. denied (Minn. Jan. 26, 2001). With regard to corporations, under Minnesota law, "[s]ervice on a corporation is accomplished by delivering a copy of the complaint to an officer, managing agent, or any other agent expressly or impliedly designated to receive service." Alholm v. American Steamship Co., 144 F.3d 1172, 1176 (8th Cir. 1998) (citing Minn. R. Civ. P. 4.03(c). "'Service of process in a manner not authorized by the rule is ineffective service.'" Lundgren v. Green, 592 N.W.2d 888, 890 (Minn. Ct. App. 1999), rev. denied (Minn. July 28, 1999) (quoting Tullis v. Federated Mutual Ins. Co., 570 N.W.2d 309, 311 (Minn.1997)). Under Minnesota law, if the acknowledgment of receipt of service is not returned, service by mail is ineffectual. Turek, 618 N.W.2d at 611.

Stein's attempted service through the acknowledgment by mail process set forth under Minn. R. Civ. P. 4.05 was ineffectual because defendants never returned the acknowledgment of receipt of service. Consequently, filing of the complaint prior to the expiration of the redemption period was not sufficient to toll the redemption period where service of process was not effectuated until after the expiration of the redemption period. See Stein, 2010 WL 4736828 at *6. Further, even if filing a Minn. Stat. §§ 550.29 or 580.28 action, prior to the expiration of the redemption period, did extend the period of redemption until after the resolution of the action, Stein failed to deposit the amount owing by virtue of the Sheriff's sale, along with a bond, as required by these statutes, to effectively extend the redemption period until the present underlying action is concluded. In short, Stein has failed to demonstrate any willingness to and ability to pay the amount in default. See O'Meara v. Olson, 414 N.W.2d 563, 567 (Minn. Ct. App. 1987) (finding that an attempt "to redeem must be accompanied by a demonstrated willingness and ability to pay the amount in default.") (citations omitted).

Given that the redemption period has expired, with no action by Stein to redeem the foreclosed property, any claim raised by him in his Complaint challenging the validity of the foreclosure proceedings is barred as an impermissible collateral attack. See Prior Lake State Bank v. Mahoney, 298 Minn. 567, 216 N.W.2d 681, 682 (Minn. 1974); Stein, 2010 WL 4736828 at *6; Dixon v. Deutsche Bank Nat'l Trust Co., Civ. No. 06-2858, 2008 WL 4151835 at *5 (D. Minn. Sept. 3, 2008) (citations omitted). As such, defendants' motion for summary judgment as it relates to Stein's challenge to the validity of the foreclosure of the property at issue should be granted and the claims be dismissed with prejudice.

**C. Breach of Contract**

Stein's breach of contract claim provides in relevant part that defendants "breached their contractual promise to Plaintiff to produce the original note to redeem" thereby resulting in monetary damages. See Complaint, ¶¶ 26-27. Defendants maintained that Stein's breach of contract fails because neither the Mortgage nor the Note contain any provision requiring defendants to produce the original Note to Stein in order to allow him to redeem in the event of a foreclosure. See Defs.' Mem. at p. 20. Plaintiff has not contested this argument in his opposition. See Barnes v. City of Coon Rapids, Minn., Civil No. 07-3672(DSD/JJK), 2009 WL 1178555 at *2 n. 1 (D. Minn. April 30, 2009) (citing Berryhill v. Schriro, 137 F.3d 1073, 1075 n. 2 (8th Cir. 1998) (dismissing unbriefed claim as waived); Graham v. Rosemount, Inc., 40 F. Supp.2d 1093, 1101 (D. Minn. 1999)).

A review of both the Note and the Mortgage confirms that neither contain any language requiring defendants to produce the original Note to Stein in order to allow him to redeem in the event of a foreclosure. Further, Stein has not provided the Court with any other documents to demonstrate such a contractual obligation. Where the applicable contractual agreements between the parties do not contain any language requiring defendants to produce the original Note to Stein in order to allow him to redeem in the event of a foreclosure, summary judgment regarding Stein's breach of contract claim should be granted and the claim be dismissed with prejudice.

**D. Theft**

Stein alleged in his Complaint that defendants' actions constituted theft in violation of Minn. Stat. § 604.14 et seq. See Complaint, ¶ 28. This Court finds that this claim is an impermissible collateral attack on a valid foreclosure. Additionally, Minn.

Stat. § 604.14 specifically provides that it applies to the theft of "personal property." Minn. Stat. § 604.14, subd. 1. As such, this statute has no applicability to the real property at issue in the present case. For all these reasons, defendants' motion for summary judgment claim as it relates to Stein's theft claim should be granted and the claim be dismissed with prejudice.

**E. Fraud**

Stein alleged in his claim for theft by fraud that defendants' actions "constitute fraud." See Complaint, ¶ 29. Defendants asserted that Stein's fraud claim fails because he has only broadly pled an allegation of fraud by them, he failed to plead any of the elements that support a claim of common law fraud under Minnesota law, and the claim lacked the requisite particularity. See Defs.' Mem. at p. 21. Stein has not contested this argument in his opposition and thus has waived the claim. See Barnes, 2009 WL 1178555 at *2 n. 1 (citations omitted).

In any event, pursuant to Minnesota law, the elements of common law fraud include: (1) a false representation of material fact; (2) knowledge of the representation's falsity by the person making the representation; (3) intent that another person relies on the false representation or circumstances justifying reliance by the other person; (4) reasonable reliance on the false representation and (5) damages attributable to the false representation. In re Strid, 487 N.W.2d 891, 893-94 (Minn. 1992). Stein has not provided any evidence that defendants made any false statements to him, that defendants intended for him to rely on such a representation, what he was induced into doing, that his reliance in the unspecified misrepresentations was reasonable or what damages were attributable to the misrepresentations. Given his failure to submit any evidence, let alone allege any facts in his Complaint surrounding the purported

misrepresentations by defendants, this Court finds that summary judgment in favor of defendants on Stein's claim of fraud to be appropriate.

**E. Stein's Request for a Rule 56(f) Continuance**

Stein filed an affidavit under Rule 56(f) of the Federal Rules of Civil Procedure, arguing that a continuance of defendants' motion for summary judgment is required because there has been no discovery in this matter and he has been unable to deliver a complete record of the factual support he needs. See Stein Aff. at p. 1. As part of his relief, Stein asked that this Court to dismiss defendants' motion for summary judgment with prejudice and give defendants' more time to produce documents and for a comparison of defendants' admissions. Id., p. 2.

Rule 56(f) of the Federal Rules of Civil Procedure provides that a court "may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had . . . or issue any other just order." Rule 56(f) is designed to protect a party opposing a motion for summary judgment that "has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986). In order to obtain relief under Rule 56(f), "a party must file an affidavit describing (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Johnson v. United States, 534 F.3d 958, 965 (8th Cir. 2008).

This Court rejects Stein's request for a continuance or dismissal of defendants' summary judgment motion, as he has failed to articulate in his affidavit what he wants by way of discovery that will bear on his response to the motion for summary judgment,

as required by Rule 56(f).[4] In his affidavit, Stein has only referred to some unidentified documents and requests for admissions and has not demonstrated how the facts obtained from these documents or requests for admissions could create a genuine issue of material fact.[5] Additionally, to the extent that Stein is arguing that summary judgment in favor of defendants should be denied because defendants have been withholding documents and other information relevant to his discovery requests, (see Pl.'s Opp. Mem. at pp. 1-3), Stein's remedy was to bring a motion to compel which he has never pursued.

Finally, Stein's Rule 56(f) request is also belied by his alternative request for summary judgment against defendants. See Pl.'s Opp. Mem. at pp. 1, 4-5. It is disingenuous for Stein to argue that summary judgment in his favor against defendants is appropriate based on the current record, while at the same time maintaining that summary judgment against him by defendants is not appropriate because he has not been able to conduct the necessary discovery. Cf., Stein, 2010 WL 4736828 at *5 n. 3 ("It is also worth noting that Stein filed his own motion for summary judgment, which is inconsistent with his position that summary judgment is premature.").[6]

---

[4] At the hearing, Stein stated he wanted to show the original Note to a forensic expert. However, even if the expert was given the original Note and determined that it was not Stein's signature on it (which he has admitted signing) or that the Note was a copy, the outcome of the motion for summary judgment would not be any different. As this Court has already concluded, there is no requirement that the original Note be presented for a foreclosure to be valid, and even if the signature were fraudulent or an original Note was required to foreclose, the time has passed to make this collateral challenge.

[5] Stein even failed to attach the discovery that he claims he served on August 5, 2010 on defendants, which was after he served his Rule 56(f) Affidavit.

[6] Stein's Rule 56(f) motion is also contradicted by his post-hearing conduct which suggests that he did not need more time to conduct discovery, but rather wanted more time to submit more materials to the Court. On September 13, 2010, Stein sent a letter

For all the reasons stated above, plaintiff's request for a continuance under Rule 56(f) or dismissal of defendants' motion for summary judgment should be denied.

**F. Request for Time to Amend Complaint**

In his Rule 56(f) motion, Stein also requested that if this Court determined that his Complaint did not state a claim, that he be allowed time to amend the Complaint to "perfect a claim." Stein Aff. at p. 2. The deadline to amend pleading (July 7, 2010) has passed under the operative pretrial scheduling order. Stein has not only failed to indicate what he wants to change or add to his Complaint, but more critically, he has failed under Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3 to establish good cause for amending the scheduling order to allow an amendment of the Complaint at this time.[7]

---

to the Court, notifying it that he was preparing to submit a more "comprehensive supplemental submission dealing directly with the issues of the complaint [and this Court's] oral questions" at the hearing on defendants' Motion for Summary Judgment. On September 16, 2010, this Court issued an Order denying Stein's request on grounds that the deadline for submissions had passed, no further response by Stein was authorized by Local Rule 7.1(b), and the motion was under advisement. See Docket No. 44.

[7] Under Rule 16(b), a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, Local Rule 16.3 states: "Once the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008) (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)); see also Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

> While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (concluding that there was "no need to explore beyond the first criterion, [diligence,] because the

## RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Defendants' Motion for Summary Judgment [Docket No. 26] be **GRANTED**.

2. The claims in plaintiff's Complaint should be **DISMISSED WITH PREJUDICE**.

---

> record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"). Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order. See, e.g., Rahn, 464 F.3d at 822 (affirming the district court's denial of Rahn's request for a modification of the scheduling order because the record made clear that Rahn did not act diligently to meet the order's deadlines); Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the Barstads' complaint under Rule 16(b) because the Barstads had eight months to request an amendment of the scheduling order and "knew of the claims they sought to add when they filed the original complaint"); Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming, under Rule 16(b), the district court's denial of Freeman's motion to amend her complaint because she provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

Sherman, 532 F.3d at 717.

Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend." Scheidecker v. Arvig Enterprises, 193 F.R.D. 630, 632 n. 1 (D. Minn. 2000) (citations omitted). Scheduling Orders pursuant to Rule 16(b)(1) "assure[] that at some point both the parties and the pleadings will be fixed, . . ." Rule 16(b), Federal Rules of Civil Procedure, *Advisory Committee Notes--1983 Amendment*.

Dated: February 9, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 23, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **February 23, 2011**.