UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KENATH RICHARD STEIN,                     Case No. 10-CV-0203 (PJS/JSM)

        Plaintiff,

v.                                                                       ORDER

CHASE BANK USA, N.A.; DEUTSCHE
BANK NATIONAL TRUST COMPANY;
and CHASE HOME FINANCE, LLC,

        Defendants.

---

Kenath Richard Stein, pro se.

Aleava Rael Sayre, Calvin P. Hoffman, Marc D. Simpson, LEONARD, STREET, AND DEINARD, for defendants.

This matter is before the Court on plaintiff Kenath Stein's objection to the February 9, 2011 Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron. Judge Mayeron recommends granting defendants' motion for summary judgment and dismissing Stein's complaint with prejudice. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court will grant defendants' motion.

Only one matter merits comment. Stein, the owner of investment property in Minneapolis, took out a loan on the property and gave a mortgage to defendant Chase Bank USA, N.A. ("Chase Bank"). Stein failed to make the payments that he had promised to make. After Stein defaulted on the loan, Chase Bank assigned the promissory note and mortgage to defendant Deutsche Bank National Trust Company ("Deutsche"), which foreclosed on the property in June 2009. Stein filed this action in state court in December 2009, alleging various

improprieties in connection with the assignment and the foreclosure and seeking damages as well as the return of the property. As thoroughly explained by Judge Mayeron in the R&R, most of Stein's claims are meritless.

Stein does have one potentially meritorious challenge to the propriety of the foreclosure, however. He claims that Chase Bank never sent him a notice of default on the loan.[1] Under the mortgage contract, Chase Bank was obligated to send a notice of default via certified mail before accelerating the loan. *See* Reardon Aff. Ex. A ¶ 22 [Docket No. 29]. Stein submitted an affidavit denying that such notice was sent, Stein Aff. ¶¶ 11, 21, Aug. 3, 2010 [Docket No. 33], and, despite the requirement that such notice be sent via certified mail, defendants did not produce a receipt verifying delivery.[2] Judge Mayeron recommends granting summary judgment on this claim on the basis that, because Stein commenced this action after the period for redeeming his property had expired, Stein is making an impermissible collateral attack on the foreclosure.

The Court acknowledges that, in a case involving similar facts, it adopted an R&R finding that the plaintiff was making an impermissible collateral attack on a foreclosure. *See*

---

[1]Stein also appears to make passing references to the notices of foreclosure required by Minn. Stat. § 580.03. It is unclear whether Stein is claiming that Deutsche failed to publish a notice of foreclosure and serve a copy of the notice on persons in possession of the premises in compliance with § 580.03. But defendants have submitted evidence that Deutsche complied with § 580.03, *see* Sayre Aff. Ex. C, July 12, 2010 [Docket No. 28], and Stein has submitted no evidence to the contrary.

[2]In response to Stein's objection to the R&R, defendants filed a supplemental affidavit attached to which is a May 2, 2008 "Notice of Intent to Foreclose" and a certified mail receipt for the notice bearing Stein's signature. *See* Docket No. 50. It appears likely that this notice served as a notice of default (although it was sent a month later than the April notice that defendants claim to have sent). But because Stein has not had an opportunity to address this belated submission, the Court has not considered it.

*Dixon v. Deutsche Bank National Trust Co.*, No. 06-2858, 2008 WL 4151835, at *5 (D. Minn. Sept. 3, 2008), *aff'd as modified*, 360 Fed. Appx. 703 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 909 (2011). Since adopting the R&R in *Dixon*, however, the Court has had occasion to revisit this issue in other cases and has concluded that the statement in *Dixon* that "[s]tate law precludes a collateral attack of a foreclosure sale," while literally correct, is incomplete. For although state law does indeed preclude a *collateral* attack on a foreclosure sale, state law does permit a *direct* attack on a foreclosure sale, even after the period for redemption has expired.[3]

That this is true is most easily seen from the fact that there are numerous state statutes of limitations governing when a challenge to a foreclosure sale may be brought, and all of these statutes of limitations indicate — either expressly or by clear implication — that such challenges *may* be brought after the redemption period expires. For example, Minnesota law provides a 5-year period to challenge a foreclosure sale for defects in the notice of sale and a 15-year period to challenge a foreclosure sale for other reasons. *See* Minn. Stat. §§ 580.20, 580.21. Given the length of these limitation periods, it simply cannot be the case that any attempt to challenge a foreclosure sale after the expiration of the redemption period — which typically lasts six months, Minn. Stat. § 580.23 — is an impermissible collateral attack. If all challenges to a foreclosure sale had to be brought within the redemption period, then it would make no sense for Minnesota law to provide limitations periods of 5 and 15 years.

In the same vein, Minn. Stat. § 580.041 expressly permits an action challenging a foreclosure sale for failure to comply with certain notice requirements to be brought up to one

---

[3]The Court notes that, in the *Dixon* case itself, it made no difference whether the plaintiff's attack was considered a direct attack or a collateral attack, because the plaintiff failed to show that the foreclosure was invalid in any way. *Dixon*, 2008 WL 4151835, at *4-5.

year *after* the last day of the redemption period.  Minn. Stat. § 580.041, subd. 4.  Similarly, Minn. Stat. §§ 582.25 and 582.27 together operate to immunize foreclosure sales from certain types of challenges more than one year *after* the last day of the redemption period — which necessarily suggests, by negative implication, that such challenges may be brought *within* the year following expiration of the redemption period.

Consistent with these provisions, Minnesota courts have entertained challenges to foreclosure sales brought after the redemption period has expired.  For example, in *Amresco Residential Mortgage Corp. v. Stange*, the lender brought an eviction proceeding against the borrowers following expiration of the redemption period.  631 N.W.2d 444, 444 (Minn. App. 2001).  The borrowers brought counterclaims alleging that the underlying foreclosure was invalid for various reasons, including that the lender failed to give notice of default and failed to serve notice of the foreclosure sale.  *Id.* at 444-45.  The Minnesota Court of Appeals affirmed the dismissal of the counterclaims as being outside of the limited scope of eviction proceedings.  *Id.* at 445-46.  In so doing, the court noted that the borrowers *could* attack the validity of the foreclosure sale in a separate proceeding, even though the redemption period had expired:

> Appellants do not dispute that they have an equally valuable, alternate process available to them.  They have indicated, in fact, that subsequent to the dismissal of their counterclaims in this action, they commenced a separate proceeding in which they seek to set aside respondent's foreclosure.  Appellants can raise their counterclaims and equitable defenses directly in that separate, district court proceeding, where they can also seek to enjoin prosecution of the eviction action.

*Id. See also Molde v. CitiMortgage, Inc.*, 781 N.W.2d 36 (Minn. Ct. App. 2010) (entertaining on the merits, but ultimately rejecting, a post-redemption-period challenge to the validity of a foreclosure).

It is true that, in *Prior Lake State Bank v. Mahoney*, the Minnesota Supreme Court held — without explanation or elaboration — that a borrower could not collaterally attack the validity of a foreclosure sale after the redemption period had expired. 216 N.W.2d 681, 682 (Minn. 1974) (per curiam). The court's entire analysis of the issue was contained in one sentence: "No irregularity in the foreclosure proceedings was established and, in any event, the claimed irregularity, asserted only after the expiration of the period of redemption, constituted an impermissible collateral attack." *Id.* (footnote omitted).

It is possible to read this sentence broadly as indicating that *any* post-redemption-period challenge to a foreclosure is an impermissible collateral attack. But the Court does not believe that it should be read so broadly. To begin with, such a broad reading of *Prior Lake State Bank* cannot be reconciled with the existence of the statutes of limitations identified above. Surely, if the Minnesota Supreme Court meant to hold that a foreclosure sale can never be challenged after expiration of the redemption period, the court would have said something about the statutes of limitations that permit various challenges to a foreclosure sale to be brought many years after the redemption period expires. Such a broad reading of *Prior Lake State Bank* would also be inconsistent with the apparently common practice of Minnesota courts to entertain post-redemption-period challenges to foreclosures. And finally, the sole authority on which *Prior Lake State Bank* relied — *In re Fidelity & Deposit Co. of Maryland*, 216 N.W.2d 674 (Minn. 1974) — does not support such a broad reading.

In *In re Fidelity*, a judgment creditor who purchased the judgment debtor's property at an execution sale applied for a new certificate of title. *Id.* at 675. The lower court denied the certificate, finding that the sale was void because of an improperly dated notice of levy and an improperly posted notice of sale. *Id.* at 676. The Minnesota Supreme Court reversed, holding that, in the specialized, summary-type of proceeding at issue in that particular case, a facially valid certificate of sale could not be challenged.[4] *Id.* at 678. But the court did not say that the certificate could never be challenged in any kind of proceeding. Nor did it rely on the fact that the redemption period had expired. Instead, the court explained that "defects not disclosed on the face of the certificate *must be challenged in a direct action to set aside the sale*." *Id.* (emphasis added). In other words, the court expressly recognized that a judgment debtor *could* bring a direct action to challenge an execution sale; the court simply held that such a challenge could not be brought in the type of specialized proceeding then before the court. The holding of *In re Fidelity* is thus quite narrow.

Of course, the circumstances in *Prior Lake State Bank* were somewhat different from the circumstances of *In re Fidelity*. *Prior Lake State Bank* involved a foreclosure, not an execution sale, and the proceeding in *Prior Lake State Bank* was a quiet-title action, not a specialized proceeding under the Torrens Act. But because *Prior Lake State Bank* cited *In re Fidelity*

---

[4]Although *In re Fidelity* does not say so explicitly, it is apparent that the property at issue was registered under the Torrens Act, Minn. Stat. §§ 508.01 et seq., and the action was a Torrens proceeding of a specialized type known as "proceedings subsequent to initial registration," or more colloquially as "proceedings subsequent." *See* Minn. Gen. R. Prac., Title III, Part B. Notably, the Minnesota Court of Appeals has since held that *In re Fidelity* has been superseded by statute: "Appellant's argument fails to recognize that in 1983, nine years after the supreme court decided *Fidelity*, the legislature amended the Torrens Act to broaden the scope of proceedings subsequent." *In re Metro Siding, Inc.*, 624 N.W.2d 303, 307 (Minn. Ct. App. 2001).

without analysis, it is not clear how the Minnesota Supreme Court would distinguish a "collateral" attack on a foreclosure from a "direct" attack on a foreclosure. Indeed, it is not clear whether, in the court's view, anything other than a challenge brought in response to a quiet-title action qualifies as a "collateral" attack.[5] Nevertheless, given the authority discussed above, it is apparent that a challenge to a foreclosure sale does not become an impermissible "collateral attack" merely because it is brought after the redemption period has expired.

The Court nevertheless accepts Judge Mayeron's recommendation that defendants' summary-judgment motion be granted. As the Court has held, Stein could have brought a direct challenge to the foreclosure sale on the grounds that Chase Bank did not send him a notice of default by certified mail. But Stein did not, in fact, make such a claim in his complaint. Indeed,

---

[5]The Minnesota Supreme Court has never cited this holding of *Prior Lake State Bank* and the Minnesota Court of Appeals has cited this holding only once — in *Haasken v. Mellgren*, No. C1-94-1524, 1995 WL 81415, at *3 (Minn. Ct. App. Feb. 28, 1995). In *Haasken*, after noting that the borrowers had (through settlement) lost the only potentially meritorious challenge they had to the foreclosure, the court relied on *Prior Lake State Bank* to hold, in the alternative, that the borrowers' challenge to the foreclosure after the expiration of the redemption period was an impermissible collateral attack. *Id.* at *2-3. Thus, *Haasken*'s discussion of the holding of *Prior Lake State Bank* was (1) dicta (2) appearing in an unpublished decision (3) of an intermediate appellate court. It thus has limited value as a description of Minnesota law.

In addition, *Haasken* was a procedurally unusual case. The *Haasken* case was brought by a later purchaser seeking a declaratory judgment that the foreclosure was valid. *Id.* at *2. But shortly before the purchaser filed *Haasken*, one of the borrowers had filed a separate lawsuit challenging the validity of the foreclosure. *Id.* at *2. Both of these lawsuits were filed after the redemption period had expired. *Id.* at *1-2. The two actions both resulted in judgments against the borrowers, but the borrowers apparently appealed only the judgment in *Haasken*. It is not clear why the borrower lost his own suit challenging the foreclosure, and it is possible that *Haasken* was merely holding that the borrowers could not raise their challenge to the foreclosure in the later purchaser's action. But to the extent that *Haasken* holds that any challenge to a foreclosure after the redemption period expires is an impermissible collateral attack, it is inconsistent with the authority discussed above.

Stein's complaint does not say a word about the alleged failure to send him a notice of default.[6] Understandably, then, defendants have objected to Stein's belated attempt to raise this new claim. *See* Docket No. 35 at 1-2, 4.

In his opposition to defendants' summary-judgment motion, Stein requested that the Court give him time to "perfect a claim," which the Court construes as a request for leave to amend his complaint. Although courts should "freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), a party seeking leave to amend a pleading after the deadline for such motions has passed must show good cause. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

The deadline for filing a motion to amend the pleadings in this case was July 7, 2010. *See* Docket No. 24. Stein did not seek leave to amend his complaint before that date and has not explained why he could not have done so. Nor does there appear to be any reason to excuse Stein's failure to comply with the scheduling order. After all, Stein did not need to take discovery in order to learn that he had not received a notice of default. Finally, Stein failed to comply with the requirements of D. Minn. L.R. 15.1, which requires a party seeking leave to amend a pleading to submit a copy of the proposed amended pleading to the Court. Under these circumstances, the Court will not give Stein leave to amend his complaint. *See Sherman*, 532 F.3d at 716-17 (most important factor in determining whether there is good cause to amend scheduling order is whether party seeking amendment has exercised diligence); *O'Neil v.*

---

[6] The complaint makes passing reference to defendants' lack of "valid probative proof of foreclosure service." Compl. ¶ 16. Even construing this to be an allegation that defendants failed to give notice of the *foreclosure sale*, that is not the same as alleging that defendants failed to give notice of *default*.

*Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) (district court did not err in denying plaintiff's informal request to amend complaint where plaintiff failed to comply with D. Minn. L.R. 15.1); *Prof. Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP*, 335 F.3d 800, 804 (8th Cir. 2003) (same).

The Court therefore adopts the R&R with the exception of Judge Mayeron's conclusion that Stein's challenge to the foreclosure on the grounds that he did not receive a notice of default was an impermissible collateral attack under Minnesota law. Instead, as discussed above, the Court finds that no such claim is properly before the Court because Stein failed to plead it. With respect to the claims that are properly before the Court, the Court agrees with Judge Mayeron's analysis and grants defendants' motion for the reasons stated in the R&R.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [Docket No. 46] and ADOPTS the R&R [Docket No. 45], with the exception noted above. Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [Docket No. 26] is GRANTED.
2. Plaintiff's complaint [Docket No. 1-2] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2011                         s/Patrick J. Schiltz
                                                      Patrick J. Schiltz
                                                      United States District Judge